Curia, per
Butler, J.
The plaintiff’s motion, in this case, must be refused, on the authority of Young vs. Montpeoy, reported in 2 Bailey. At the time the defendant’s intestate had the conversation with plaintiff, some years before his death, he was under no legal obligation to pay any of the demands which the plaintiff has asserted in this action ; they were, then, not subsisting demands, being barred by the statute. The intestate Bacot might, however, have restored the demands and have sub *507 jected himself to a legal liability to pay them, if they had not been settled.
Dargan, for the motion ; Wilkins, contra.
Nothing less than a direct promise to pay, or unequivocal acknowledgment of some specific demand or demands, would have subjected him to such liability. The promise must have been so explicit that his liability could have been made to appear by stating the terms of the understanding in a declaration, reference being had to the old demand for a consideration ; that is, the extent of the liability must appear in the terms of the assumption. If one were to say, I will not plead the statute, to a specific promissory note, or account, or bond, the liability to pay might be so distinctly admitted and implied that the party could not avoid it: but the extent of the liability would also appear at the same tithe. But where there is no specific demand mentioned or referred to, how can this appear % Bacot might have contested the original validity of some of the demands, if they had been mentioned ; others he might have said were paid. To have resuscitated an extinguished demand, he must have acknowledged it to be unsatisfied at the time he had the conversation; which he did not. The case quoted by plaintiff from 8th Durn. & Ea. 181, will not sustain him. A credit was given on an account, by the consent of the party to be affected by it, within six years ; Lord Kenyon held that it amounted to an implied promise to pay the balance. But here there was a specific demand referred to, and the credit was made before the statutory bar had run. If the credit had been made after the expiration of the 6 years, there might have been something in the case.
The motion for a new trial is refused.
Evans, Earle, Gantt and Richardson, JJ. concurred.